214 S.W.3d 353 (2007)
In the Interest of J.B. and A.B., children under seventeen years of age.
Butler County Juvenile Office and Missouri Department of Social Services, Children's Division, Petitioners-Respondents,
v.
J.B., Respondent-Appellant.
Nos. 27833, 27834.
Missouri Court of Appeals, Southern District, Division One.
February 15, 2007.
Scott D. Dale, Poplar Bluff, for appellant.
Gary L. Gardner, Jefferson City, for respondent Missouri Department of Social Services, Children's Division.
W. Dean Million, Poplar Bluff, for respondent Butler County Juvenile Office.
Jessica Bryeans, Poplar Bluff, for Juvenile.
Nancy Steffen Rahmeyer, Presiding Judge.
J.B. ("Father") appeals from a trial court judgment terminating his parental rights to his minor children J.B. and A.B.[1] In the judgment, the trial court set forth six statutory grounds for the termination: abandonment pursuant to § 211.447.4(1);[2] abuse or neglect by reason of chemical dependency pursuant to § 211.447.4(2)(b); abuse or neglect by reason of severe or recurrent acts of sexual abuse pursuant to § 211.447.4(2)(c); failure to rectify the conditions that led to the court's assumption of jurisdiction pursuant to § 211.447.4(3); conviction of a felony violation of Chapter 566 pursuant to § 211.447.4(4); and parental unfitness pursuant to § 211.447.4(6). The trial court also found that terminating Father's parental rights was in the best *355 interests of the children pursuant to § 211.447.6. We affirm.
Despite the fact that the trial court found six statutory bases for terminating his parental rights, Father only appeals the court's findings with respect to § 211.447.4(1), namely that Father abandoned J.B. and A.B. Father does not, however, challenge the five other grounds set forth in the judgment terminating his parental rights.
When the trial court finds multiple statutory grounds for termination of parental rights, in order to affirm the judgment this Court need only find that one of the statutory bases was proven and that the termination was in the best interests of the child. In re T.F.S., 52 S.W.3d 44, 48 (Mo.App. S.D.2001); see also In re J.L.M., 64 S.W.3d 923, 925 (Mo.App. S.D. 2002) ("[o]ne ground for termination adequately pleaded and proven is sufficient to support termination."). Thus, if an appellant fails to challenge each of the termination grounds found by the trial court, it is unnecessary for the appellate court to address the specific ground that is challenged. In re B.J.K., 197 S.W.3d 237, 246 (Mo.App. W.D.2006). "However, because the termination of parental rights is one of the most serious acts a court is empowered to perform, In re B.S.B., 76 S.W.3d 318, 324 (Mo.App. W.D.2002), we review the evidence ex gratia to determine whether the juvenile officer established at least one ground for termination by `[c]lear, cogent, and convincing evidence.'" In re B.N.W., 115 S.W.3d 869, 871 (Mo.App. S.D.2003).
Pursuant to § 211.447.4(4), one basis for terminating parental rights is if a "parent has been found guilty or pled guilty to a felony violation of [C]hapter 566, RSMo, when the child or any child in the family was a victim." One of the six grounds the trial court found for terminating Father's parental rights was that he pled guilty to a felony violation of § 566.067, First Degree Child Molestation of A.B., in the Butler County Circuit Court, in case number CR304-1273FX. At trial, Father's judgment and sentence for this conviction was admitted into evidence without objection. The juvenile officer produced clear, cogent and convincing evidence of this ground for termination. Accordingly, we find no error in the trial court's decision to terminate Father's parental rights to both A.B. and J.B. The judgment is affirmed.
PARRISH and SCOTT, JJ., concur.
NOTES
[1] J.B. and A.B.'s biological mother, E.B., voluntarily consented to the termination of her parental rights to both children on August 15, 2005.
[2] All references to statutes are to RSMo 2000, unless otherwise indicated.